UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FARMER BROS. CO., § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 4:25-cv-00100 |
| § | |
| BEAZLEY INSURANCE COMPANY, § INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Farmer Bros. Co. ("Farmer Bros." or "Plaintiff") hereby files this Original Complaint against Beazley Insurance Company, Inc. ("Beazley" or "Defendant") and would respectfully show the Court as follows:

**I.  PARTIES**

1. Plaintiff Farmer Bros. Co. is a Delaware corporation with its principal place of business in Fort Worth, Denton County, Texas.

2. Defendant Beazley Insurance Company, Inc. is a Connecticut corporation with its principal place of business in West Hartford, Connecticut.  Beazley is engaged in the business of insurance in the state of Texas and can be served through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

**II.  JURISDICTION & VENUE**

3. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because (a) Defendant is not a citizen of any state of which Plaintiff is also a citizen; and (b) the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Denton County, Texas.

### III. FACTUAL BACKGROUND

**A. The Beazley Policy**

6. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

7. Farmer Bros. is a Texas-based coffee roaster, wholesaler, equipment servicer, and distributor of coffee, tea, and other allied products with approximately 1,000 employees.

8. Beazley is an insurer doing business in the State of Texas.

9. Beazley issued Management Liability Insurance Policy No. V1A0A5230901 (the "Policy") to Farmer Bros. for the period from November 15, 2023 through November 14, 2024.

10. Beazley issued and delivered the Policy to Farmer Bros. in Denton County, Texas.

11. The Policy includes Employment Practice Liability ("EPL") coverage covering any "Loss" that Farmer Bros. incurs resulting from any "Claim" made against Farmer Bros. for a "Wrongful Act" related to certain employment-related liability.

12. "Loss" includes the following:

> **amounts which an Insured is legally obligated to pay as a result of a Claim** including compensatory damages, judgments (**including prejudgment and post judgment interest** awarded against an Insured on that part of any judgment paid by Underwriters), back pay, front pay, settlements, verdicts, awards, **statutory attorney fees** pursuant to a covered judgment against an Insured, Defense Costs and punitive, exemplary and multiple damages where insurable by law in the applicable jurisdiction most favoring coverage for punitive, exemplary or multiple damages . . . .

13. "Loss" also includes "statutory damages" except when "predicated upon a finding of willfulness."

14. A "Claim" includes any "written demand or request for monetary damages or non-monetary or injunctive relief against any of the Insureds, or to toll or waive a statute of limitations" and any "civil, criminal, administrative, investigative or regulatory proceeding initiated against any of the Insureds, including any proceeding before the Equal Employment Opportunity Commission or any similar federal, state or local governmental body."

15. The Policy's EPL coverage defines "Wrongful Act" to include any "Inappropriate Employment Conduct" and/or "Discrimination" "by any of the Insureds against any Insured Person **or an applicant for employment** of the Insured Organization."[1]

16. The Policy's EPL coverage defines "Inappropriate Employment Conduct" to include, without limitation, any "actual or alleged wrongful . . . **deprivation of a career opportunity**."

17. The Policy's EPL coverage also defines "Discrimination" to mean any actual or alleged termination of the employment relationship, demotion, **failure or refusal to hire** or promote, **denial of an employment benefit** or the **taking of any adverse or differential employment action because of** race, color, religion, age, **sex**, disability, pregnancy, sexual orientation or identity, national origin, citizenship or immigration status, genetic information, military status **or any other basis which is or is alleged to be prohibited by federal, state or local law**."

18. The Policy states that Beazley has "the right and duty to defend any Claim" against Farmer Bros.

---

[1] Farmer Bros. is an "Insured Organization" under the Policy.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                          **PAGE 3**

19. Beazley's duty to defend Farmer Bros. under the Policy exists "even if any of the allegations are groundless, false or fraudulent."

20. Accordingly, the Policy expressly obligates Beazley to defend Farmer Bros. in connection with any lawsuit or other demand for monetary or non-monetary relief by an applicant for employment with Farmer Bros. alleging that Farmer Bros. engaged in conduct that deprived such applicant of a career opportunity or discriminated against such employee or applicant in connection with the hiring process.

21. Farmer Bros. is quoting certain Policy provisions herein for ease of reference. Nothing herein should be construed as a waiver or limitation of Farmer Bros.' rights to coverage under the Policy, including under Policy provisions not quoted in this Original Complaint. Farmers Bros. adopts and incorporates the Policy as if fully set forth herein.

**B.   The Spencer Action**

22. On or about August 30, 2024, Shannon Spencer, individually and on behalf of a putative class, filed a Class Action Complaint for Discrimination against Farmer Bros. in the King County Superior Court in the State of Washington (the "Spencer Action"). The Spencer Action alleges, on behalf of Spencer and more than 40 other class members, that Farmer Bros. engaged in discriminatory hiring practices and other conduct that violated the Washington Equal Pay and Opportunities Act.

23. As set forth in more detail in paragraph 30, the Spencer Action alleges "Wrongful Acts" by Farmer Bros., including that:

- Farmer Bros. engaged in discriminatory hiring practices that resulted in Farmer Bros. failing to hire the claimant-applicants, denying the claimant-applicants employment benefits, and/or taking adverse or differential employment actions

   because of the claimant-applicants' sex or other class protected by law (all of which constitute "Discrimination" under the Policy); and

- Farmer Bros.' hiring practices deprived the claimant-applicants a career opportunity with Farmer Bros. and others, which deprivation continues (which constitutes "Inappropriate Employment Conduct" under the Policy).

24. The Spencer Action seeks damages from Farmer Bros. as a result of these allegedly discriminatory hiring practices and accompanying deprivation of career opportunities.[2]

**C.  Beazley Wrongly Denies Coverage for the Spencer Action**

25. Farmer Bros. provided Beazley timely notice during the Policy period of Farmer Bros.' claim for defense and indemnity coverage for the Spencer Action. Farmer Bros. has satisfied all conditions precedent to coverage under the Policy.

26. Beazley advised, through Farmer Bros.' insurance broker, that it was denying Farmer Bros.' coverage claim for the Spencer Action, including the duty to defend or indemnify Farmer Bros. against the Spencer Action, based on its misplaced conclusion that the Spencer Action does not allege a "Wrongful Act" and that it was reserving its rights to deny coverage on other grounds.[3]

27. To the contrary, the Spencer Action – which the plaintiff initiated by filing a Class Action Complaint for <u>Discrimination</u> – contains myriad allegations that fall squarely within the Policy's "Wrongful Acts" definition, including allegations of "Discrimination" and/or

---

[2] The Spencer Action allegations summarized herein are noted without limitations to other allegations in the Spencer Action that may also trigger coverage. Farmer Bros. denies the allegations and disputes any and all liability in connection with the Spencer Action.

[3] Farmer Bros. understands that Beazley does not dispute that the Spencer Action is a "Claim first made against any Insured during the Policy period" under the Policy's EPL coverage.

**PLAINTIFF'S ORIGINAL COMPLAINT**                  **PAGE 5**

"Inappropriate Employment Conduct," and trigger the Policy's coverage. Such allegations include, without limitation, the following examples:

- "This is a class action lawsuit to remedy **Defendant's ongoing violation of Plaintiff and the Class members' civil rights**."

- "This lawsuit follows important, recent research **which revealed pervasive pay disparity in Washington with respect to both women and other protected classes**.  In particular, **the study found that women are paid 78 cents for every dollar paid to men**—a decline from 80 cents to the dollar a decade ago."

- "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know.  This information is essential to help job candidates, **particularly females and candidates in other protected classes**, to achieve equal pay when faced with negotiating a starting salary.  Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation **or, if the employee suspects discrimination, to initiate an enforcement action**."

- "[S]etting pay in a range to which an employer has publicly pre-committed **may likely limit the role that even unconscious gender and racial biases play in pay setting**."

- "Plaintiff and more than 40 Class members **applied** to job openings with [Farmer Bros.] . . . where the postings did not disclose the wage scale or salary range being offered."

- Defendant continues to employ **discriminatory hiring practices** as a result of its ongoing refusal to comply with RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)]."

- "Defendant's refusal to post a wage scale or salary range in job postings is **a violation of Plaintiff and the Class members' civil rights**."

- "On or about November 23, 2023, **Plaintiff applied for a job opening** in King County, Washington with [Farmer Bros.] at its Kent location . . . . However, [Farmer Bros.] withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay."

- As a result of [Farmer Bros.'] refusal to disclose the wage scale or salary range in the job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages."

- "As a result of [Farmer Bros.'] refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected."

- Plaintiff has experienced economic and non-economic harm as a direct result of [Farmer Bros.'] **discriminatory hiring practices**, its violation of RCW 49.58. 110 [(the Washington Equal Pay and Opportunities Act)], and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes."

- "Plaintiff and the Class are victims of **Defendant's discriminatory hiring practices**, which are specifically prohibited by RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)]."

28. Beazley also advised, through Farmer Bros.' insurance broker, that it was reserving its right to deny coverage because Farmer Bros.' potential liability in connection with the Spencer Action does not constitute "Loss." To the contrary, the Spencer Action seeks a judgment against Farmer Bros. for statutory damages, statutory attorneys' fees, prejudgment and post judgment interest, and other damages that constitute "Loss" under the Policy.

29. Beazley's denial of coverage is wrongful and defies the Policy's plain language. Alternatively, the Policy is ambiguous and must be construed in favor of coverage.

## IV.  CAUSES OF ACTION

### A.  Breach of Contract

30. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

31. The Policy is a valid and enforceable contract.

32. As an "Insured," Farmer Bros. is a proper party to bring this action to recover benefits under the Policy.

33. Farmer Bros. has performed or is excused from performing all conditions precedent under the Policy. Farmer Bros. has also fully performed or is excused from performing its obligations under the Policy.

34. The Policy obligates Beazley to defend and indemnify Farmer Bros. in connection with the Spencer Action. Alternatively, the Policy is ambiguous and must be interpreted in favor of coverage.

35. Beazley has breached the Policy by denying coverage for the Spencer Action.

36. Alternatively, Beazley has repudiated and/or anticipatorily breached the Policy by unequivocally stating that it has no duty to defend or indemnify Farmer Bros. in connection with the Spencer Action as the Policy requires.

37. Farmer Bros. has been damaged by Beazley's breach of the Policy.

38. Farmer Bros. also seeks its attorneys' fees and expenses incurred in prosecuting this breach of contact claim in an amount to be established at trial.

**B.    Declaratory Judgment**

39. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

40. Pleading in the alternative, an actual, justiciable controversy exists between Farmer Bros. and Beazley regarding Beazley's coverage obligations under the Policy in connection with the Spencer Action.

41. Pursuant to 28 U.S.C. § 2201, Farmer Bros. seeks declarations that (a) Beazley has a duty to defend Farmer Bros. under the Policy in connection with the Spencer Action and (b) any statutory damages and statutory attorneys' fees awarded against Farmer Bros. in the Spencer Action constitute insurable and covered "Loss" under the Policy.

**C.    Attorneys' Fees**

42. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

43. Due to Beazley's actions, Farmer Bros. has been required to retain the services of the law firm Wick Phillips Gould & Martin LLP.  Farmer Bros. has agreed to pay Wick Phillips Gould & Martin LLP a reasonable fee for its services necessarily rendered and to be rendered in this action.  Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Farmer Bros. is entitled to an award of its reasonable attorneys' fees against Beazley in an amount to be established at trial.

## V.  JURY DEMAND

44.     Farmer Bros. hereby requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Farmer Bros. respectfully requests that the Court enter a judgment in Farmer Bros.' favor awarding Farmer Bros.: (a) its actual and consequential damages caused by Beazley's breach of the Policy; (b) all reasonable and necessary attorneys' fees incurred in this action; (c) pre-judgment and post-judgment interest in the amount allowed by law; and (d) all costs of court. In the alternative, Farmer Bros. respectfully requests that the Court declare that (a) Beazley has a duty to defend Farmer Bros. in connection with the Spencer Action; and (b) any statutory damages awarded and statutory attorneys' fees awarded against Farmer Bros. in the Spencer Action constitute insurable and covered "Loss" under the Policy.  Farmer Bros. also asks that the Court grant Farmer Bros. all such other and further relief to which it may be entitled.

Dated: February 4, 2025

Respectfully submitted,

*/s/ Erika Bright*
Erika Bright
Texas Bar No. 24001752
erika.bright@wickphillips.com
Charles C. Keeble, Jr.
Texas Bar No. 1115010
charles.keeble@wickphillips.com
Britton D. Douglas
Texas Bar No. 24056731
britton.douglas@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**ATTORNEYS FOR PLAINTIFF**