UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FARMER BROS. CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00100-SDJ |
| | § | |
| BEAZLEY INSURANCE COMPANY, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Farmer Bros. Co. ("Farmer Bros." or "Plaintiff") hereby files this First Amended Complaint against Beazley Insurance Company, Inc. ("Beazley" or "Defendant") and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Farmer Bros. Co. is a Delaware corporation with its principal place of business in Fort Worth, Denton County, Texas.

2. Defendant Beazley Insurance Company, Inc. is a Connecticut corporation with its principal place of business in West Hartford, Connecticut. Beazley is engaged in the business of insurance in the State of Texas and has appeared in this case.

### II. JURISDICTION & VENUE

3. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because (a) Defendant is not a citizen of any state of which Plaintiff is also a citizen; and (b) the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Denton County, Texas.

### III.  FACTUAL BACKGROUND

**A.  The Beazley Policy**

6. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

7. Farmer Bros. is a Texas-based coffee roaster, wholesaler, equipment servicer, and distributor of coffee, tea, and other allied products with approximately 1,000 employees.

8. Beazley is an insurer doing business in the State of Texas.

9. Beazley issued Management Liability Insurance Policy No. V1A0A5230901 (the "Policy") to Farmer Bros. for the period from November 15, 2023 through November 14, 2024.

10. Beazley issued and delivered the Policy to Farmer Bros. in Denton County, Texas.

11. The Policy includes Employment Practice Liability ("EPL") coverage covering any "Loss" that exceeds the Policy's $200,000 Retention that Farmer Bros. incurs resulting from any "Claim" made against Farmer Bros. for a "Wrongful Act" related to certain employment-related liability.

12. "Loss" includes the following:

> **amounts which an Insured is legally obligated to pay as a result of a Claim** including compensatory damages, judgments (**including prejudgment and post judgment interest** awarded against an Insured on that part of any judgment paid by Underwriters), back pay, front pay, **settlements**, verdicts, awards, **statutory attorney fees** pursuant to a covered judgment against an Insured, **Defense Costs** and punitive, exemplary and multiple damages where insurable by law in the applicable jurisdiction most favoring coverage for punitive, exemplary or multiple damages . . . .

13. "Loss" also includes "statutory damages" except when "predicated upon a finding of willfulness."

14. "Defense Costs" include all "**reasonable and necessary legal fees and expenses** including reasonable and necessary expert fees to which [Beazley] consent[s] in advance and which are incurred by or on behalf of the Insureds in **defending, settling, appealing or investigating any Claim** . . . ."

15. A "Claim" includes any "written demand or request for monetary damages or non-monetary or injunctive relief against any of the Insureds, or to toll or waive a statute of limitations" and any "civil, criminal, administrative, investigative or regulatory proceeding initiated against any of the Insureds, including any proceeding before the Equal Employment Opportunity Commission or any similar federal, state or local governmental body."

16. The Policy's EPL coverage defines "Wrongful Act" to include any "Inappropriate Employment Conduct" and/or "Discrimination" "by any of the Insureds against any Insured Person **or an applicant for employment** of the Insured Organization."[1]

17. The Policy's EPL coverage defines "Inappropriate Employment Conduct" to include, without limitation, any "actual or alleged wrongful . . . **deprivation of a career opportunity**."

18. The Policy's EPL coverage also defines "Discrimination" to mean "any actual or alleged termination of the employment relationship, demotion, **failure or refusal to hire** or promote, **denial of an employment benefit** or the **taking of any adverse or differential employment action because of** race, color, religion, age, **sex**, disability, pregnancy, sexual orientation or identity, national origin, citizenship or immigration status, genetic information, military status **or any other basis which is or is alleged to be prohibited by federal, state or local law**."

---

[1] Farmer Bros. is an "Insured Organization" under the Policy.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                                                 **PAGE 3**

19. Accordingly, the Policy expressly requires Beazley to cover any lawsuit by an applicant for employment alleging that Farmer Bros. (a) deprived such applicant of a career opportunity or (b) discriminated against or (c) otherwise denied such applicant of an employment benefit because of any basis prohibited by law. The Policy requires Beazley to pay amounts, in excess of the $200,000 Retention, that Farmer Bros. is obligated to pay as a result of a judgment or settlement in connection with such a lawsuit.

20. Farmers Bros. adopts and incorporates the Policy as if fully set forth herein and seeks coverage under all applicable Policy provisions.

**B.   The Spencer Action**

21. On or about August 30, 2024, Shannon Spencer, individually and on behalf of a putative class, filed a Class Action Complaint for Discrimination against Farmer Bros. in the King County Superior Court in the State of Washington (the "Spencer Action"). The Spencer Action alleged, on behalf of Spencer and similarly situated other class members, that Farmer Bros. engaged in discriminatory hiring practices and other conduct that violated the Washington Equal Pay and Opportunities Act.

22. The Washington Legislature noted in enacting and updating the Washington Equal Pay and Opportunities Act that income and career advancement opportunities, especially among women, persisted in Washington, and that the act's intended purpose was "to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state," by, among other things, requiring "employer[s] to provide wage and salary information to applicants and employees." Wash. Rev. Code Ann. § 49.58.005.

23. As set forth in more detail in paragraph 32, the Spencer Action claimed that Farmer Bros. violated the Washington Equal Pay and Opportunities Act by engaging in "Wrongful Acts," including that:

- Farmer Bros.' hiring practices deprived the claimant-applicants a career opportunity with Farmer Bros. and others (which constitutes "Inappropriate Employment Conduct" under the Policy); and

- Farmer Bros. engaged in discriminatory hiring practices that resulted in Farmer Bros. failing to hire the claimant-applicants, denying the claimant-applicants employment benefits, and/or taking adverse or differential employment actions because of reasons prohibited by law (all of which constitute "Discrimination" under the Policy).

24. The Spencer Action sought damages from Farmer Bros. as a result of these allegedly illegal hiring practices and accompanying deprivation of career opportunities.[2]

25. The class in the Spencer Action eventually swelled to more than 400 members.

26. Farmer Bros. defended the Spencer Action and, in March 2025, reached a final agreement with plaintiffs to settle the Spencer Action. This final settlement amount obligates Farmer Bros. to pay for plaintiffs' attorneys' fees and litigation costs, a payment to the named plaintiff, and a payment to the settlement administrator, with the remaining amounts being distributed to the class members individually for any amounts they could have recovered in the Spencer Action, including any alleged statutory damages, penalties,[3] and interest.

27. In exchange, the class members are releasing Farmer Bros. from any claims and damages brought or that could have been brought in the Spencer Action, including claims for

---

[2] The Spencer Action allegations summarized herein are noted without limitations to other allegations/facts in the Spencer Action that may also trigger coverage. Farmer Bros. denies the allegations and disputes any and all liability in connection with the Spencer Action.

[3] The Complaint in the Spencer Action did not seek to recover any penalties.

violating the Washington Equal Pay and Opportunities Act and for any penalties, actual or statutory damages, interest, attorneys' fees, and litigation costs recoverable under such act.

28.     Farmer Bros. has incurred amounts exceeding the Policy's Retention to defend and settle the Spencer Action.

**C.      Beazley's Wrongful Denial of Coverage**

29.     Farmer Bros. provided Beazley timely notice during the Policy period of Farmer Bros.' claim for defense and indemnity coverage for the Spencer Action.  Farmer Bros. also timely notified Beazley of the proposed settlement, kept Beazley apprised of settlement negotiations, and sought Beazley's consent to settle the Spencer Action. In response, Beazley denied any coverage obligation and waived its right to consent to the settlement.

30.     Beazley has denied Farmer Bros.' coverage claim for the Spencer Action, including the duty to defend or indemnify Farmer Bros., based on its misplaced conclusion that the Spencer Action did not involve a "Wrongful Act."

31.     To the contrary, the claims asserted in the Spencer Action – which the plaintiff initiated by filing a Class Action Complaint for <u>Discrimination</u> – fall squarely within the Policy's "Wrongful Act" definition, including claims of "Inappropriate Employment Conduct" and/or "Discrimination" and trigger the Policy's coverage.

32.     The Spencer Action claims that Farmer Bros. settled were covered under the Policy. The claims were premised on allegations of "Inappropriate Employment Conduct" and/or "Discrimination" including, without limitation, the following:

- "This is a class action lawsuit to remedy **Defendant's ongoing violation of Plaintiff and the Class members' civil rights**."

- "This lawsuit follows important, recent research **which revealed pervasive pay disparity in Washington with respect to both women and other protected**

- **classes**. In particular, **the study found that women are paid 78 cents for every dollar paid to men**—a decline from 80 cents to the dollar a decade ago."

- "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, **particularly females and candidates in other protected classes**, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation **or, if the employee suspects discrimination, to initiate an enforcement action**."

- "[S]etting pay in a range to which an employer has publicly pre-committed **may likely limit the role that even unconscious gender and racial biases play in pay setting**."

- "Plaintiff and . . . Class members **applied** to job openings with [Farmer Bros.] . . . where the postings did not disclose the wage scale or salary range being offered."

- Defendant continues to employ **discriminatory hiring practices** as a result of its ongoing refusal to comply with RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)]."

- "Defendant's refusal to post a wage scale or salary range in job postings is **a violation of Plaintiff and the Class members' civil rights, as specifically defined by RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)]**."

- "On or about November 23, 2023, **Plaintiff applied for a job opening** in King County, Washington with [Farmer Bros.] at its Kent location . . . . However, [Farmer Bros.] withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay."

- "As a result of [Farmer Bros.'] refusal to publish the wage scale or salary range in the job posting, **Plaintiff was unable to determine the rate of pay for the position**."

- As a result of [Farmer Bros.'] refusal to disclose the wage scale or salary range in the job posting, **Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages**."

- "As a result of [Farmer Bros.'] refusal to disclose the wage scale or salary range in the job posting, **Plaintiff's ability to negotiate pay remains adversely affected**."

- "Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed."

- Plaintiff has experienced economic and non-economic harm as a direct result of [Farmer Bros.'] **discriminatory hiring practices**, its violation of RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)], and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes."

- "Plaintiff and the Class are victims of **Defendant's discriminatory hiring practices**, which are specifically prohibited by RCW 49.58.110 [(the Washington Equal Pay and Opportunities Act)]."

33. The Spencer Action plaintiffs sought to recover damages, interest, attorneys' fees, and litigation costs Farmer Bros. as a result of these allegedly "discriminatory hiring practices," "violation[s] of . . . civil rights," denial of employment benefits, and accompanying deprivation of career opportunities that the Washington Equal Pay and Opportunities Act prohibits. These amounts constitute covered "Loss" under the Policy.

34. The Spencer Action settlement constituted payment for covered "Loss" for covered alleged "Wrongful Acts" that triggered Beazley's duty to indemnify Farmer Bros. under the Policy.

35. Beazley refused to cover Farmer Bros. for the Spencer Action and to pay for any of the settlement. Beazley's denial of coverage is wrongful and defies the Policy's plain language. Alternatively, the Policy is ambiguous and must be construed in favor of coverage.

## IV. CAUSES OF ACTION

### A. Breach of Contract

36. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

37. The Policy is a valid and enforceable contract.

38. As an "Insured," Farmer Bros. is a proper party to bring this action to recover benefits under the Policy.

39. Farmer Bros. has performed or is excused from performing all conditions precedent under the Policy. Farmer Bros. has also fully performed or is excused from performing its obligations under the Policy.

40. The Policy obligates Beazley to cover defense and indemnity amounts for the Spencer Action in excess of the Policy's Retention.

41. Beazley breached the Policy by denying coverage for the Spencer Action and refusing to pay for covered amounts exceeding the Policy's Retention.

42. Farmer Bros. has been damaged by Beazley's breach of the Policy in an amount exceeding the jurisdictional limits of this Court.

**B.  Attorneys' Fees**

43. Farmer Bros. adopts and incorporates by reference the foregoing allegations.

44. Due to Beazley's actions, Farmer Bros. has been required to retain the services of the law firm Wick Phillips Gould & Martin LLP. Farmer Bros. has agreed to pay Wick Phillips Gould & Martin LLP a reasonable fee for its services necessarily rendered and to be rendered in this action. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Farmer Bros. is entitled to an award of its reasonable attorneys' fees against Beazley in an amount to be established at trial.

## V.  JURY DEMAND

45. Farmer Bros. hereby requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Farmer Bros. respectfully requests that the Court enter a judgment in Farmer Bros.' favor awarding Farmer Bros.: (a) its actual and consequential damages caused by Beazley's breach of the Policy; (b) all reasonable and necessary attorneys' fees incurred in this action; (c) pre-judgment and post-judgment interest in the amount allowed by law; and (d) all costs of court. Farmer Bros. also asks that the Court grant Farmer Bros. all such other and further relief to which it may be entitled.

Dated: April 7, 2025												Respectfully submitted,

*/s/ Erika Bright*
Erika Bright
Texas Bar No. 24001752
erika.bright@wickphillips.com
Charles C. Keeble, Jr.
Texas Bar No. 1115010
charles.keeble@wickphillips.com
Britton D. Douglas
Texas Bar No. 24056731
britton.douglas@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants on April 7, 2025.

*/s/ Erika L. Bright*
Erika L. Bright